# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| WENDAL MILLS, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:11-CV-0750-D-BH |
| ) | |
| BROADCAST MUSIC INCORPORATED, ) | |
|     Defendant. ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be dismissed as frivolous.

## I. BACKGROUND

Plaintiff filed this action against the defendant on April 13, 2011. After granting him leave to proceed *in forma pauperis*, the Court sent him a questionnaire ("MJQ") on April 18, 2011, to obtain more information about his claims. Because Plaintiff did not submit answers to the questionnaire within thirty days, dismissal for failure to prosecute was recommended on May 31, 2011, to the extent that Plaintiff did not respond during the time for objections to the recommendation. (doc. 8). Plaintiff's responses to the questionnaire (doc. 9) were received on June 7, 2011, and the recommendation of dismissal was vacated on June 8, 2011. (doc. 10). On June 8, 2011, Plaintiff also filed objections to these vacated findings. (doc. 11).

In his complaint, Plaintiff alleges that his entertainment career began in 1975 or 1976, while he was a minor, and that his mother started a membership with the defendant so that she could register his performances. (Comp. at 1). He claims that the defendant has not paid him for sales and broadcasts of his performances. In his answers to the questionnaire, Plaintiff states that he is seeking "50 Billion Dollars" in damages. (MJQ Ans. #4). In his objections to recommendation of dismissal, he states that he wants "75 Billion Dollars" in damages. He also claims that since he has sought

payment from the defendant for royalties alleging owed to him, people who have known of his lawsuits have subjected him to cruel and unusual punishment and war crimes, including having him wrongfully arrested in May of 2011, and using technology to watch his movements and control him and his mother. (doc. 11, p. 1-2).

## II. PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff seeks either $50 or $75 billion dollars in damages for alleged sales of his performances and broadcasts. His complaint alleges no factual support for his claims. "While a federal court must of course give due credit to the good faith claims of the plaintiff, a court would

2

be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1053 (5th Cir. 1982). Furthermore, under § 1915(e), a court is not bound to accept without question the truth of a *pro se* plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. at 32-33. A complaint lacks an arguable basis in fact if, when the plaintiff is provided the opportunity to present additional facts, the facts alleged are clearly baseless. *Id*. The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990).

Here, Plaintiff's claims for $50 or $75 billion dollars in damages for alleged sales and broadcasts of performances based on a membership with the defendant more than thirty years ago lack an arguable basis in fact because it they are based on a fantastical or delusional scenario. *See Neitzke*, 490 U.S. at 327-28. This conclusion is further supported by his claims that since he has filed suit for these damages, he has been subjected to cruel and unusual punishment and war crimes by unnamed individuals, who also had him wrongfully arrested and are using technology to watch and control him. Plaintiff's complaint should be dismissed as frivolous.

### III. RECOMMENDATION

This case should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 13th day of June, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE